759 RIVERSIDE AVENUE, INC., a Corporation, and MAMIE M. WEBSTER, *Appellants,* v. JOHN L. MARVIN, *Appellee.*

147 So. 848.

Opinion filed April 18, 1933.

Re-hearing denied May 15, 1933.

*H. L. Anderson* and *Newcomb Barrs,* for Appellants; *Martin H. Long* and *Axtell & Rinehart,* for Appellee.

BUFORD, J.—The appellee was complainant in the court below in a suit to foreclose a mortgage. The defendant, 759 Riverside Avenue, Inc., a corporation, was the mortgagor. Mamie M. Webster, the other defendant, held a third mortgage. The defendant corporation filed an amended answer, paragraph 11 of which was as follows:

"Further answering the entire amended bill as amended, this defendant says that the complainant's said mortgage is a part of one entire and indivisible contract which contract was both illegal and fraudulent, and that the com-

plainant is not entitled to be reproved by this court and left by this court unaided. That the complainant being then and there a director of this defendant corporation for a single and entire consideration of $14,000.00 by him paid to defendant and by an entire and indivisible contract with this defendant knowingly procured this defendant to execute to him said notes and mortgage and to issue to him 125 shares of its capital stock of the par value of $100.00 per share, unlawfully and fraudulently."

Paragraph 12 of the answer set out in detail the matters upon which the allegation that the entire transaction in which the mortgage was involved was illegal and fraudulent was based. Motion to strike paragraphs 11 and 12 was granted, and from that order appeal was taken. The stricken portion of the answer attempted to set up the defense of usury and also attempted to avoid the payment of the debt because, as it is alleged, the defendant corporation at the time of the loan and the execution of the mortgage unlawfully and in fraud of its stockholders and creditors issued to the mortgagee a large block of shares of its capital stock as a bonus for the making of the loan. In other words, in the latter aspect the defendant attempts to defend a suit instituted to enforce payment of its obligation by pleading that it perpetrated a fraud on its own stockholders and creditors in which the plaintiff participated in procuring the loan which is the subject matter of the suit. It attempts to take advantage of and to use as a defense its own wrongful and illegal acts against its stockholders and creditors.

We think it is elementary that such a defense could not be tolerated in a court of equity.

It is not necessary for us here to determine whether or not the transaction was usurious to that extent that had it occurred where the borrower was an individual the effect

would have been such as to entitle the mortgagor to avail himself of the defense of usury and thereby work a forfeiture as against the mortgagee of the entire debt, because in this case the borrower and mortgagor was a corporation organized under the provisions of Chapter 10096, Acts of 1925. Section 60 of that Act provides:

"Usury May Not Be Pleaded.—No corporation shall interpose the defense of usury in any action in any court in this State."

It is contended that the title of the Act is not sufficient to cover the provision contained in the above mentioned section. The title of the Act is, "An Act Relating to Corporations." Defense which a corporation may make, defense which a corporation is precluded from making, and the right of corporations to maintain suits and actions in courts of law are all provisions relating to corporations. We think that the section referred to is germane to and properly connected with the subject expressed in the title of the Act.

It is further contended that this section of the Act is invalid because it violates Article XIV of the Constitution of the United States and the equal protection clause of the Declaration of Rights of the State of Florida. We think that neither contention is tenable.

It is well settled that, where a corporation accepts a charter, it takes it *cum onere,* and must enjoy it subject to the conditions prescribed by the law under which it is created, or not enjoy it at all. 14-A C. J., Sec. 2117, page 269. Virginia City Gas Co. v. The Mayor, etc., of Virginia City, 3 Nevada 320. It has been held, and properly so, that powers given to corporations which cannot be exercised without disregard of restrictions with which they are coupled cannot be exercised at all. Commonwealth v. Erie & N. E. R. R. Co., 27 Pa. 339, 67 Am. Dec. 471;

Talmadge, et al., v. North American Coal, etc., Co., 3 Head Reports, Tenn. 337; Westbranch Broom Co. v. Pa. Joint Lbr. & Land Co., 121 Pa. 143, 15 Atl. 509.

The corporation here involved took its charter under and became the creature of Chapter 10096, Acts of 1925, and one of the provisions and conditions under which it acquired its existence was that it should not interpose the defense of usury in any action in any court in this State. It is bound by that condition. The order appealed from should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.

BROWN, J., concurs in the conclusion.

DAVIS, C. J. (Concurring).—In addition to what Mr. Justice BUFORD has so well stated it should be observed that usury is purely a statutory defense that was unknown to the common law. See 27 R. C. L. 203. The Legislature has the undoubted right to expand or contract the usury law as it may see fit, especially as applied to corporations, whether before chartered or not, since the matter is entirely statutory.

ELLIS, J. (Concurring).—I think that neither usury nor the doctrine of coming into court with clean hands applies. The complainant no doubt committed a fraud of the corporation by procuring the issuance to him of the stock as a bonus, but it affected only his title to the stock, not his loan to the corporation.

BROWN, J. (Concurring in the conclusion)—I do not think the corporation would be estopped to plead usury because it was a party to the usurious transaction. If this were true, no one could plead usury. But I am inclined to think the statutory provision depriving it of this defense comes within the title and is valid.